IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-04-965-C |
| PAUL VOYLES, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On August 15, 2006, Paul Voyles and Great States Insurance Agency, Inc. (collectively, "Defendants"),[1] filed a motion for attorney fees (Defs.' Mot., Dkt. No. 144). Plaintiff Utica Mutual Insurance Company ("Utica") has filed an objection (Pl.'s Resp., Dkt. No. 145). Accordingly, the matter is now at issue.

## I. BACKGROUND

The factual and procedural history of this case can be found in the Court's order granting Defendants' motion for summary judgment in part (Dkt. No. 134) and in the Court's order and amended judgment of August 2, 2006 (Order, Dkt. No. 142; Am. J., Dkt. No. 143), and so it need only be briefly repeated here. Plaintiff Utica originally filed a declaratory judgment action seeking a declaration that it had no obligation to defend or indemnify Defendants Voyles or Great States Insurance Agency, Inc. ("Great States") in several lawsuits arising out of the alleged financial failure of an entity known as Fairway

---

[1] The other Defendants in this case did not join the motion for attorneys' fees and the Court's discussion in this order does not pertain to them.

Employment Services, Inc., of which Voyles was Vice President. (Compl. at 4-8.) Upon consideration of Plaintiff's motion to alter judgment regarding the Court's grant in part of Defendants' motion for summary judgment, the Court found that Plaintiff owed a duty to defend Defendants, though it described that duty as limited to the scope of wrongful acts by Great States and by Voyles acting as Great States' President during the conduct of its business. (Am. J. at 1.) The Court additionally determined that Utica owed a duty to indemnify Great States and Voyles if those two Defendants were found liable for wrongful acts covered under the applicable policy and committed during the conduct of Great States' business. (Id. at 1-2; Order at 2.)

## II. DISCUSSION

*A.   Defendants' Motion for Attorney Fees*

Defendants have asked the Court to grant them attorney fees pursuant to Fed. R. Civ. P. 54(d)(2). Defendants claim they are entitled to attorney fees because they are the "prevailing party" in this declaratory judgment action under 36 Okla. Stat. § 3629(B). (Defs.' Mot. at 3-4.) The parties disagree as to the proper application of § 3629(B), which provides the applicable standard for determining the award of attorney fees in this insurance case. This statute reads in relevant part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and <u>attorney fees shall be allowable to the prevailing party</u>. For purposes of this section, <u>the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement</u>. <u>In all other judgments the insured shall be the prevailing party</u>.

36 Okla. Stat. § 3629(B) (emphasis added).

The parties concur that § 3629(B) is construed broadly and applies to declaratory judgment actions, including those addressing a duty to defend or indemnify. Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh, 236 F.3d 1260, 1261, 1263-64 (10th Cir. 2001). (Defs.' Mot. at 3; Pl.'s Resp. at 2.) Thus, the only issue remaining is whether Defendants are the "prevailing party" entitled to attorney fees under § 3629(B). This is a question of law for the Court to determine. Driver Music Co. v. Commercial Union Ins. Cos., 94 F.3d 1428, 1432 (10th Cir. 1996).

Section 3629(B) itself lays out exactly who qualifies as a prevailing party, and case law has refined these parameters only slightly. The Oklahoma Supreme Court has clearly explained that under § 3629(B), the insurer – here, Plaintiff Utica – would be the prevailing party in only two circumstances: "when the judgment is less than any settlement offer that was tendered to the insured, or when the insured rejects the claim and no judgment is awarded." Shinault v. Mid-Century Ins. Co., 1982 OK 136, ¶ 4, 654 P.2d 618, 619. The insureds – Defendants Voyles and Great States – are entitled to attorney fees as the prevailing party "in all other judgments," 36 Okla. Stat. § 3629(B) (emphasis added); see also Shinault, ¶ 4, 654 P.2d at 619; Ass' of County Commissioners of Oklahoma v. National American Insurance Co., 2005 OK CIV APP 44, ¶ 21, 116 P.3d 206, 212.

In this case, Defendants were granted judgment by the Court ordering that Plaintiff owed them a duty to defend and a duty to indemnify. Thus, it seems apparent that

Defendants are entitled to attorney fees under the plain language of the statute. Plaintiff, however, raises two objections to Defendants being named the prevailing party. The Court does not find either of these objections to be persuasive.

First, Plaintiff appears to argue that because the Court's judgment regarding Plaintiff's duties to defend and to indemnify was not precisely the same relief that was sought by Defendants, Defendants have not "prevailed" in this action. Plaintiff relies on the fact that Defendants did not receive the relief they specifically requested, i.e., "a blanket . . . rejection of [Plaintiff's] claims" as well as "an unqualified declaration of coverage." (Pl.'s Resp. at 3.) Plaintiff cites no authority for this proposition, and the Court is unable to agree with its logic. The Court is required to "grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief." Fed. R. Civ. P. 54(c). Plaintiff's argument is unavailing because Defendants received the greatest affirmative judgment. Any inconsistency between Defendants' requested relief and the relief they ultimately received from the Court does not render Defendants any less the prevailing party under the definition of § 3629(B). Cf. Arkla Energy Res. v. Roye Realty & Developing, Inc., 9 F.3d 855, 866 (10th Cir. 1993) (defining "prevailing party" under a similar Oklahoma attorney's fee statute as "the party that has the most points at the end of the contest") (internal quotation marks and citation omitted).

Plaintiff also argues that Defendants are not the prevailing parties under § 3629(B) because they have not "'obtained a judgment confirming [their] coverage.'" (Pl.'s Resp. at 3 (quoting Stauth, 236 F.3d at 1266)). It is true that in its amended judgment, the Court

found that Plaintiff's duties to defend and to indemnify applied only to certain acts taken during the conduct of Great States' business under the conditions covered by the applicable policy. (See Am. J. at 1-2.)  Plaintiff theorizes that because judgments may be obtained against Defendants for acts outside of these outlined limitations, Plaintiff has not obtained a judgment confirming coverage – which it argues is required by Stauth.  Again, the Court cannot accept this argument.  As a threshold matter, Stauth did not define "prevailing party" as narrowly as Plaintiff attempts to argue here.  While it did note that the insured party obtained a judgment confirming its coverage and determined that the insured was the prevailing party, the court in Stauth did not state that an insured must obtain this precise form of judgment to be considered a prevailing party.  Rather, the court in Stauth referred to the broad "in all other judgments" language of the statute, and it explicitly rejected the argument that § 3629(B) would require an actual adjudicated recovery to qualify as a "judgment." Stauth, 236 F.3d at 1266.

Second, even assuming that Defendants must obtain a "judgment confirming coverage" to qualify as a prevailing party, Plaintiff has not established that the Court's amended judgment, finding that Plaintiff owes Defendants duties to defend and to indemnify, would not qualify as this type of judgment.  While in theory Defendants in certain circumstances ultimately may not be entitled to coverage by Plaintiff, the plain language of the Court's amended judgment makes clear that in this declaratory judgment action, Defendants defeated Plaintiff's contention that it was not required to defend or indemnify Defendants; thus to that extent Defendants are entitled to an award of attorney fees.  36 Okla.

Stat. § 3629(B); see also Scottsdale Ins. Co. v. Subscriptions Plus, Inc., No. 99-C-539-C, 2001 WL 34370875, at *3 (W.D. Wis. 2001) (applying § 3629(B) to award attorney's fees to defendants, although the action for declaratory judgment was dismissed without prejudice, after the court found that plaintiff had a duty to defend defendants).

*B.   Determination of the Award of Attorney Fees*

In their motion, which fulfilled the requirements of LCvR54.2, Defendants requested $10,917.00 in attorney fees, and their attorneys submitted both affidavits and a statement of services and fees in support of that figure. (See Defs.' Mot. Exs. A, B & C.) Although Plaintiff did not object to the amount of fees requested by Defendants, the Court must verify that the fees sought are reasonable – a task that is within the Court's discretion. Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc., 2003 OK 72, ¶ 3, 77 P.3d 1042, 1046.

In Burk v. City of Oklahoma City, 1979 OK 115, ¶¶ 8-13, 598 P.2d 659, 661-62, the Oklahoma Supreme Court adopted the lodestar method, whereby the Court multiplies the hours expended by the hourly rate. The Court next considers whether this lodestar amount should be either increased or decreased based upon twelve factors enunciated in Burk.[2]

---

[2] Under Burk, the Court should consider the following factors:
(1) Time and labor required.
(2) The novelty and difficulty of the questions.
(3) The skill requisite to perform the legal service properly.
(4) The preclusion of other employment by the attorney due to acceptance of the case.
(5) The customary fee.
(6) Whether the fee is fixed or contingent.
(7) Time limitations imposed by the client or the circumstances.
(8) The amount involved and the results obtained.
(9) The experience, reputation[,] and ability of the attorneys.

When determining the reasonableness of the fee request the Court should consider: (1) the services performed by the attorneys; (2) which services were necessary; (3) the value of the necessary services; and (4) what a reasonable fee for the services would be. Darrow v. Spencer, 1978 OK 107, ¶ 13, 581 P.2d 1309, 1314.

Defendants' itemized fee summary reveals that R. Todd Goolsby and John H. Schneider provided legal services to Voyles at the rate of $185.00 and $125.00 per hour, respectively. (Defs.' Mot. Ex. C at 11.) The Defendants' attorneys stated that these rates are consistent with their usual charges for such work. (Defs.' Mot. at 5; Defs.' Mot. Exs. A & B.) The hourly rates charged are reasonable for the same or similar legal services provided in Oklahoma City, Oklahoma. The fee summary also reveals the time expended and details of the work performed by each attorney. (See Defs.' Mot. Ex. C.) As for the twelve Burk factors, Defendants do not request an enhanced fee. Moreover, the Court's review of the fee summary does not indicate that any of the Burk factors warrant a reduction in the remaining fee amount. Accordingly, the Court awards Defendants Voyles and Great States attorney fees in the amount of $10,917.00.

Although often an evidentiary hearing may be required to resolve factual disputes in connection with deciding a fee award, neither party has requested a hearing. Defendants'

---

(10) The "undesirability" of the case.
(11) The nature and length of the professional relationship with the client.
(12) Awards in similar cases.

Burk, 1979 OK 115, ¶ 8, 598 P.2d at 661 (citation and internal quotation marks omitted).

itemized fee summary is thorough and has allowed the Court a full view of the basis for the fee request. The Court has considered each entry as it stands alone and in connection with the other entries. Plaintiff challenges neither the hourly rate sought by Defendants nor the time records submitted, and the Court finds both to be reasonable. Therefore, the Court finds that a hearing is unnecessary, as Defendants' fee summary and attorney affidavits are an adequate basis from which to derive a final fee award. See Gamble, Simmons & Co. v. Kerr-McGee Corp., 175 F.3d 762, 774 (10th Cir. 1999) (citing cases).

### III. CONCLUSION

Upon review of the record, the Court finds that Defendants have met the requirements to be awarded attorney fees under 36 Okla. Stat. § 3629(B). Defendants' Motion for Attorney Fees (Dkt. No. 144) is GRANTED as discussed herein. Judgment shall issue accordingly.

IT IS SO ORDERED this 25th day of January, 2007.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge